IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC AJETA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No. 2:25-1212 |
| | ) | |
| | ) | Magistrate Judge Dodge |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| TRANSPORTATION, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Eric Ajeta ("Ajeta") brings this action against his former employer, the Pennsylvania Department of Transportation ("PennDOT"). He alleges that the termination of his employment by PennDOT was unlawfully based on his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII).

Pending before the Court is Defendant's motion to dismiss. For the reasons that follow, the motion will be denied.[1]

### I.   Relevant Procedural History

Ajeta commenced this action on August 7, 2025 and later filed an Amended Complaint on September 12, 2025 (ECF No. 78). Federal question jurisdiction is based upon the federal civil rights claim asserted, 28 U.S.C. §§ 1331 and 1343(3).

On December 8, 2025, Defendant filed a motion to dismiss (ECF No. 12), which has been fully briefed (ECF Nos. 13, 20).

---

[1] The parties have fully consented to jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 16, 18.)

## II.    Factual Background

Ajeta alleges that he was accused of assaulting a white coworker based on the coworker's word alone. According to Ajeta, there were no witnesses to this event and the co-worker did not have any injuries. PennDOT offered to put him on a last-chance agreement, required him to take anger management courses and indicated that it would move him to a different job, but only if he would admit guilt. The next day, the co-worker had marks on his arm and PennDOT used this to fire him. He alleges that he was treated more harshly than white coworkers accused of similar behavior. (Am. Compl. at 5.)

Ajeta states that he filed a Charge of Discrimination with the Equal Employment Opportunity Commission and received a right to sue letter. (*Id.* at 7.)

## III.    Standard of Review

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While the complaint "does not need detailed factual allegations ... a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As noted by the Court of Appeals for the Third Circuit in *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), a 12(b)(6) inquiry includes identifying the elements of a claim, disregarding

any allegations that are no more than conclusions and then reviewing the well-pleaded allegations of the complaint to evaluate whether the elements of the claim are sufficiently alleged. If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citation omitted).

In ruling on a Rule 12(b)(6) motion, courts generally consider only the complaint, exhibits attached thereto and matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

"A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted); *see also Higgs v. Attorney Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.").

## IV.    Discussion

PennDOT first argues that Ajeta has failed to comply with Federal Rules of Procedure 8 and 10, which, respectively, require a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and to "state [his] claims or defenses in numbered paragraphs." However, Ajeta utilized a complaint form provided by the court that directed him to indicate the basis for his claim, which he did. He also provided a short additional description of the facts. Given that Ajeta is proceeding pro se, his Amended Complaint sufficiently complies with Rules 8 and 10.

PennDOT also contends that Ajeta failed to state claim under Title VII for disparate treatment. Pursuant to the provisions of Title VII, it is an unlawful employment practice for an employer to discharge or discriminate against any individual because of that individual's race. 42

U.S.C. § 2000e-2(a)(1). To establish a prima facie case of disparate treatment, a plaintiff must show: (1) the plaintiff belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action despite being qualified; and (4) the action occurred under circumstances that raise an inference of unlawful discrimination. *Anderson v. Mercer Cty. Sheriff Dep't*, 815 F. App'x 664, 666 (3d Cir. 2020); *Jones v. SEPTA,* 796 F.3d 323, 327 (3d. Cir. 2015).

There are two ways to satisfy the fourth element: "(1) introduce evidence of comparators (*i.e.*, similarly situated employees who (a) were not members of the same protected class and (b) were treated more favorably under similar circumstances); or (2) rely on circumstantial evidence that otherwise shows a causal nexus between his membership in a protected class and the adverse employment action." *Drummer v. Hosp. of Univ. of Pa.*, 455 F. Supp. 3d 160, 168 (E.D. Pa. 2020) (quoting *Greene v. V.I. Water & Power Auth.*, 557 F. App'x. 189, 195 (3d Cir. 2014)); *see Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 268-69 (3d Cir. 2010) (stating "comparative evidence is often highly probative of discrimination, [but] it is not an essential element of a plaintiff's case").

In order to defeat a motion to dismiss, it is not necessary to allege a prima facie case of discrimination. *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021). "The complaint need only allege enough facts to 'raise a reasonable expectation that discovery will reveal evidence of [each] necessary element.'" *Id.* (citation omitted). *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) (establishing a prima facie case is an "evidentiary standard, not a pleading requirement.").

While PennDOT argues that the Amended Complaint only states legal conclusions, it does assert certain facts, as outlined above. Based on those facts, Ajeta pleads that his termination represented disparate treatment as compared to white employees who engaged in similar

4

misconduct.

PennDOT also contends that Ajeta admits that he was fired for a non-discriminatory reason after he refused to accept a last-chance agreement and assignment to another job. However, Ajeta alleges in order to accept this offer, he would been forced to admit that he assaulted a coworker despite the fact that he denied doing so. Further, Ajeta claims that his white coworkers who engaged in similar misconduct were not subjected to these measures or terminated. Thus, contrary to PennDOT's argument, Ajeta has not conceded that he was terminated for a non-discriminatory reason. Rather, he has alleged all that is necessary at this stage of the proceedings.

Therefore, PennDOT's motion will be denied.

## V.     Conclusion

For the reasons explained above, Defendant's motion to dismiss will be denied.

An appropriate order follows.


Dated: April 27, 2026

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge